NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

HAROLD S. ABBOTT,
    Plaintiff

v.

FEDERAL BUREAU OF PRISONS, *et al.*,
    Defendants

CIV. NO. 21-1026 (RMB-SAK)

**OPINION**

BUMB, DISTRICT JUDGE

    Plaintiff, Harold S. Abbott, was a prisoner incarcerated in the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton") when he filed this civil rights action for damages and injunctive relief, alleging staff at FCI Fairton refused to provide him with a copy of his Disciplinary Hearing Report ("DHO Report"), which prevented him from showing that he was entitled to immediate release from prison. (Compl., Dkt. No. 1.) Plaintiff filed a notice of change of address on February 5, 2021, indicating that he was released from prison and now resides in Miami, Florida. (Notice, Dkt. No. 2.)

    Plaintiff did not pay the filing fee for a civil action or submit an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. Before this action may proceed, Plaintiff must either pay the filing fee or submit an IFP application.

Nonetheless, courts have the discretion to *sua sponte* screen a prisoner civil rights complaint for dismissal prior to payment of the filing fee or resolution of an IFP application, and the Court will do so here. Brown v. Sage, 941 F.3d 655, 660 (3d Cir. 2019), cert. denied, 140 S. Ct. 1303 (2020).

I.   *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity or seeks relief based on a prison condition, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. "[A] court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee." Brown v. Sage, 941 F.3d 655, 660 (3d Cir. 2019), cert. denied, 140 S. Ct. 1303 (2020). Thus, the Court will screen the complaint for dismissal prior to Plaintiff's submission of a revised IFP application.

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v.

2

Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the

3

amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

A. The Complaint

Plaintiff seeks injunctive relief for defendants to cease and desist from withholding a copy of his DHO report, which would allow him to challenge his loss of good conduct time through the prison's administrative remedy program. "Once an offender is conditionally released from imprisonment, ... the good time earned during that period is of no further effect." Scott v. Holt, 297 F. App'x 154, 156 (3d Cir. 2008) (citations omitted). Therefore, Plaintiff's request for injunctive relief is moot. Id. (dismissing request for injunctive relief in Bivens complaint as moot.)

Plaintiff's claim for damages based on an alleged violation of his right to due process in connection with a prison disciplinary hearing remains. (Compl., ¶4, Dkt. No. 1.) The defendants named in the complaint are the Federal Bureau of Prisons, Ms. J Brooks, Ms. Barfield, Assistant Warden Harris, Regional DHO Ms. Anita Cano, Riverside Christian Ministries Halfway House Case Manager Ms. Del Castillo, and Director Mr. Tejada. The sole factual allegation in the complaint is that defendants refused to provide Plaintiff with a copy of his DHO report, and this precluded him from reversing the DHO's decision

4

to sanction him with loss of good conduct time, which would have led to his immediate release from prison. Plaintiff also alleged retaliation by the defendants, but he admits he does not know why staff retaliated against him.

    B.    Bivens Claims

Plaintiff, who was a federal prisoner, alleged that the defendants, federal employees, violated his right to due process by refusing to provide him with a copy of his DHO report. By enacting 42 U.S.C. § 1983, Congress created a remedy for monetary damages when a person acting under color of state law injures another, but "Congress did not create an analogous statute for federal officials. Indeed, in the 100 years leading up to Bivens, Congress did not provide a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government." Ziglar v. Abbasi, 137 S. Ct. 1843, 1854 (2017). In 1971, the Supreme Court, in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, held that it could authorize a damages remedy for a Fourth Amendment violation under general principles of federal jurisdiction. Id. Thus, "'[i]n the limited settings where Bivens does apply, the implied cause of action is the federal analog to suits brought against state officials under ... 42 U.S.C. § 1983.'" Davis v. Samuels, 962 F.3d 105, 111-12 (3d Cir. 2020) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675-76 (2009) (internal

5

quotation marks and citation omitted in Davis)). "[E]xpanding the *Bivens* remedy is now a "disfavored" judicial activity." Abbasi, 137 S. Ct. at 1857 (2017). Solely, for the purpose of screening the complaint for dismissal, the Court will assume, without finding, that there is an implied damages remedy for Plaintiff's claims.

    1. Federal Bureau of Prisons is immune under *Bivens*

Federal agencies are immune from Bivens suits for money damages. F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994)). Therefore, the Court will dismiss the claims against the Federal Bureau of Prisons with prejudice.

    2. Fifth Amendment Due Process Claims

In the context of a prison disciplinary proceeding where a prisoner is subject to the loss of earned good conduct time, the Due Process Clause of the Fifth and Fourteenth Amendments require that a prisoner must be provided with a "'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action.'" Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974) (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)).

The DHO who presided over Plaintiff's disciplinary hearing is not named as a defendant to this action. Thus, it is not clear from the complaint that the DHO never provided Plaintiff with a written statement of reasons for the DHO's findings and sanctions.

6

If Plaintiff indeed received a DHO report, Plaintiff has failed to state a Due Process claim. Plaintiff does not have a due process right to an additional copy of his DHO report from BOP staff.

        3.   <u>First Amendment Right of Access to Courts Claim</u>

Plaintiff alleges BOP staff prevented him from completing his administrative appeal of the DHO's decision because he could not obtain a copy of the DHO report at some point during his administrative appeal. There is, however, no constitutional right to a prison grievance procedure. <u>See</u> <u>Heleva v. Kramer</u>, 214 F. App'x 244, 247 (3d Cir. 2007) ("defendants' alleged obstruction of prison grievance procedures does not give rise to an independent claim. Prisoners do not have a constitutional right to prison grievance procedures.") Therefore, Plaintiff does not have a <u>Bivens</u> claim against Bureau of Prison employees who allegedly interfered with his ability to exhaust his administrative remedies through the prison's administrative remedy program.

In fact, exhaustion of administrative remedies prior to filing a petition for writ of habeas corpus under 28 U.S.C. 2241, wherein Plaintiff could have challenged the DHO's decision in federal court, is not jurisdictional, and is subject to a futility exception. <u>See</u> <u>Gambino v. Morris</u>, 134 F.3d 156, 171 (3d Cir. 1998) ("exhaustion is not required when the petitioner demonstrates that it is futile.") If Plaintiff had shown that BOP staff prevented

7

him from exhausting administrative remedies, a habeas court could have entertained his habeas petition. See e.g. Washington v. Warden of USP-Canaan, No. 1:21-CV-211, 2021 WL 1123330, at *4 (M.D. Pa. Mar. 24, 2021) (citing Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)).

Because the alleged actions of BOP staff did not deprive Plaintiff of an opportunity to bring a habeas petition, Plaintiff does not state a claim for violation of his First Amendment right of access to the courts. See Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (to state a First Amendment right of access to courts claim, prisoners must allege an actual injury, "that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim.")

4. First Amendment Retaliation Claim

Plaintiff alleges Defendants refused to give him a copy of the DHO report in retaliation against him, but admits he does not know why they retaliated. To establish a First Amendment retaliation claim a plaintiff "must prove that: (1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016). Plaintiff has not alleged that Defendants

8

retaliated against him for engaging in constitutionally protected conduct, such as filing a grievance, and he has not alleged facts suggesting that his constitutionally protected conduct was a substantial factor for each defendant's refusal to provide him with a copy of the DHO report. Therefore, Plaintiff fails to state a First Amendment retaliation claim.

III. CONCLUSION

For these reasons, the Court will dismiss the complaint without prejudice because Plaintiff has failed to state a claim. The Court will also administratively terminate this action because Plaintiff never paid the filing fee nor did he submit an IFP application. If the Court has misconstrued the complaint, and Plaintiff indeed alleges that the DHO never provided a written statement or reasons for the decision, or he sets forth a basis for retaliation, he may file an amended complaint. Plaintiff should address the deficiencies and/or answer the Court's questions. However, any such claim, if proven, may be limited to nominal damages because any claim that Plaintiff was entitled to earlier release from prison would imply the invalidity of the DHO's decision and may not be brought in the absence of habeas relief on the DHO's decision. See e.g. Leinheiser v. Decker, 2021 WL 194796 at *3-4 (D.N.J. Jan. 19, 2021) (citing Heck v. Humphrey, 512 U.S. 477 (1994); Edwards v. Balisok, 520 U.S. 641 (1997)).

An appropriate Order follows.

DATE: October 27, 2021

                                     s/Renée Marie Bumb
                                     **RENÉE MARIE BUMB**
                                     **United States District Judge**